## IN THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JOHN VICTOR PIESTRAK** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TRANS UNION, LLC, EQUIFAX** ) | |
| **INFORMATION SERVICES LLC** ) | |
| **AND EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by individual consumer, John Victor Piestrak,

against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"),    15

U.S.C. §§ 1681, *et seq*.

## THE PARTIES

2.      Plaintiff John Victor Piestrak is an adult individual residing in Portland, OR.

3.      Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which

regularly conducts business in the Eastern District of Pennsylvania and which has a principal place

of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.      Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business

entity which regularly conducts business in the Eastern District of Pennsylvania and which has a

principal place of business located at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ 08054.

5.      Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

## JURISDICTION & VENUE

6.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

9.      The inaccurate information includes a civil judgment that is erroneously reporting as unpaid on Plaintiff's credit reports.

10.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

14.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

15.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX, TRANS UNION AND EXPERIAN
## VIOLATIONS OF THE FCRA

16.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17.     At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

18.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. §§ 1681e(b).

21.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that

are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount

of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation,

as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

22.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the

Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

        and

(e)     Such other and further relief as may be necessary, just and proper.


Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**


BY:     _/s/ Mark Mailman_
        MARK MAILMAN, ESQUIRE
        GREGORY GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: October 9, 2015